**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vaughn Nevels, | No. CV11-2466-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County; et al., | |
| Defendants. | |

Defendants Maricopa County (Doc. 4), City of Phoenix (Doc. 5), and City of Peoria (Doc. 6) all filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 20, 2011. Per a Stipulation of the parties (Doc. 19), the Court dismissed the City of Peoria with prejudice on March 5, 2012 (Doc. 20), which mooted Peoria's Motion to Dismiss. The Court now addresses the two remaining Motions to Dismiss.

**I.   BACKGROUND**

Plaintiff Vaughn Nevels (the "Plaintiff") attended a court hearing on November 15, 2010. While at the hearing, Plaintiff was taken into custody by the Phoenix Police Department for an outstanding warrant for an unresolved traffic violation. The police transported him to the Maricopa County Detention Center.

Plaintiff allegedly informed an unnamed "medical provider" at the Detention Center that he had Type 1 diabetes and disseminated coccidioidomycosis and that he recently had undergone anterior and posterior reconstruction of his spine and rib cage and a right

1 pulmonectomy as result of the disseminated coccidioidomycosis. Plaintiff alleges that he
2 was sitting in a chair in the Detention Center and received permission from a Maricopa
3 County Sheriff's Officer/Detention Officer or Phoenix Police Officer (whoever was sitting
4 at the desk) to stand from time to time because his recent surgery caused him discomfort if
5 he sat for extended periods of time. At all times during his arrest and detention, Plaintiff was
6 allegedly handcuffed and shackled.

7 Plaintiff alleges that in spite of his restraints, a Phoenix Police Officer and a Peoria
8 Police Officer pushed him down into a chair, which caused him exquisite pain. Plaintiff
9 further alleges that the Maricopa County Sheriff's/Detention Officers stripped him of his
10 clothing and forced him to lie on the floor of a jail cell, shackled and hobbled, for more than
11 ten hours. Plaintiff asserts that his treatment caused him to suffer pain and suffering and an
12 exacerbation of his surgical wounds. Plaintiff claims that he never disobeyed an order or
13 became combative while at the Detention Center.

14 Plaintiff filed his Complaint in Maricopa County Superior Court on November 14,
15 2011. The Complaint names Maricopa County, the City of Phoenix, the City of Peoria, and
16 several John and Jane Does as Defendants. The Complaint contains claims for excessive
17 force under 42 U.S.C. §1983, negligence, aggravated negligence, and personal injury/assault.

18 Defendant City of Peoria removed to this Court on December 13, 2011. All three of
19 the named Defendants filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure
20 12(b)(6). The Court dismissed the City of Peoria with prejudice per stipulation of the parties
21 on March 5, 2012.

22 **II.    LEGAL STANDARD**

23 The Court may dismiss a complaint for failure to state a claim under Federal Rule of
24 Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2)
25 insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*,
26 901 F.2d 696, 699 (9th Cir. 1990).

27 To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the
28 requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and

- 2 -

plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS AND CONCLUSION

#### A. §1983 CLAIMS

Defendants Maricopa County and City of Phoenix argue that Plaintiff has failed to allege a sufficient basis for municipal liability against them. They argue Plaintiff must do more than merely recite the elements of a §1983 municipal liability claim.

Plaintiff claims that certain unknown individual Defendants violated his constitutional rights. He further alleges that Maricopa County and the City of Phoenix have "promulgated policies and procedures which fail to take into consideration the civil rights of detainees and arrestees." (Doc. 1-1 p.6.)

When alleging §1983 claims against local governments, parties cannot rely solely on respondeat superior liability. *Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Plaintiffs instead must demonstrate that the local government had a "deliberate policy, custom, or practice that was the moving force behind the constitutional violation . . . ." *Id.* (internal citations omitted). A plaintiff also may prove municipal liability by showing that the person who committed the constitutional violation was a policy maker or that a policy maker delegated the authority to or ratified the decision of a subordinate. *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002).

In the past, plaintiffs in the Ninth Circuit did not have to provide much detail at the pleading stage regarding the municipal policy or custom. *Hernandez*, 666 F.3d at 636. Previously, a claim of §1983 municipal liability could survive a motion to dismiss even if the claim was based on nothing more than a bare allegation that the individuals' conduct conformed to official policy, custom, or practice. *Id*.

With the handing down of *Twombly* and *Iqbal*, the pleading requirements have changed. *Id.* at 637. A pleading can no longer simply recite the elements of a §1983 municipal liability claim. *Id.* Complaints must contain allegations of underlying facts

sufficient to give fair notice and enable the opposing party to defend. *Id.*

In his Complaint, Plaintiff does not identify any specific policies or customs of Maricopa County or the City of Phoenix or explain how those policies led to the deprivation of his constitutional rights. He merely alleges that the Defendants have promulgated policies that fail to take into consideration detainees' civil rights and that "the excessive force . . . is based on a pattern of practice and behavior common to the Maricopa County Sheriff's Deputies/Officers, City of Phoenix . . . which pattern of practice and behavior is frequent enough for it to be considered ratified by Maricopa County, the City of Phoenix . . . and, in any event, acceptable." (Doc. 1-1 pp.6-7.) These sort of bare allegations of the elements of a §1983 municipal liability, without any supporting facts, cannot survive a motion to dismiss.[1] The Court therefore will grant the motion to dismiss the §1983 claims against Maricopa County and the City of Phoenix.

Nonetheless, because the Court cannot say that amendment would be futile, the Court will give Plaintiff leave to amend the Complaint to allege additional facts supporting the claim that the unnamed officers' constitutional violations were carried out pursuant to County or City policy or custom. The allegation of plausible facts supporting such a policy or custom might cure the deficiencies in his municipal liability claims. *Hernandez*, 666 F.3d at 637-38 (holding that the district court erred in denying the plaintiff leave to amend to allege additional facts supporting the policy or custom claims).

If possible, in the Amended Complaint, Plaintiff shall name the individuals who allegedly committed the constitutional and state law torts and what each individual specifically did. If Plaintiff does not know the names of the individuals allegedly responsible, he shall seek limited discovery for the sole purpose of ascertaining those names.

---

[1] Plaintiff argues that he filed in state court and that the Complaint therefore should be judged by Arizona's notice pleading requirements, not by the standards set out in *Twombly* and *Iqbal*. Because the Court is allowing Plaintiff to amend the Complaint, the Court need not decide whether the federal or state standard applies. Because the Amended Complaint will be filed in federal court, it indisputably will have to meet the standards of Federal Rule of Civil Procedure 8.

*See Third Degree Films, Inc. v. Does 1-131*, 2012 WL 692993, **6-7 (D. Ariz. March 1, 2012)(discussing limited Rule 26(d) discovery for the purpose of identifying John and Jane Doe defendants).

### B. STATE LAW CLAIMS

Defendant City of Phoenix makes no arguments in its Motion to Dismiss regarding Plaintiff's state law claims, but generally joins in the County's Motion. The County argues that Plaintiff has failed to allege facts sufficient to state a claim on any of his state law causes of action and that, even if Plaintiff has stated a claim, the County cannot be held vicariously liable for the torts of the Maricopa County Sheriff's Office or its deputies.

Because the Court is allowing Plaintiff to file an amended complaint, the Court need not reach the arguments regarding the sufficiency of the state law factual allegations. The Amended Complaint will supersede the current Complaint. If the Amended Complaint does not contain factual allegations sufficient to state a claim for negligence, aggravated negligence, or assault, the City of Phoenix may again move to dismiss. The City may also have arguments for dismissing the state law claims against it because Plaintiff failed to serve a timely notice of claim upon the unnamed Phoenix Police Officer(s).[2]

The Court will address the issue of the County's vicarious liability because that is a legal deficiency that cannot be cured by the allegation of additional facts. As Plaintiff concedes, the Maricopa County Sheriff has the statutory responsibility for operating the county jails and caring for prisoners. (Doc. 15, Response, p. 4 (citing A.R.S. §11-441(A)(5)).). Sheriff's Deputies and Detention Officers are hired and trained by the Sheriff. A.R.S. §11-409. Maricopa County does not have the authority to control or fire Sheriff's Deputies or Detention Officers.

Because the duty to operate the jails has been statutorily delegated to the Sheriff and the County has no right to control operation of the jails, the County cannot be held

---

[2]The County brought up this issue for the first time in its Reply, and the City of Phoenix never mentioned the issue.

- 6 -

vicariously liable for the torts of Sheriff's Deputies or Detention Officers. *See Fridena v. Maricopa County*, 504 P.2d 58, 61 (Ariz. Ct. App. 1972)("[T]he County, having no right of control over the Sheriff or his deputies in service of the writ of restitution, is not liable under the doctrine of Respondeat superior for the Sheriff's torts."); *see also Dimmig v. Pima County*, 2009 WL 3465744 *1 (Ariz. Ct. App. 2009)(holding Pima County could not be liable under the doctrine of respondeat superior for torts committed during the Sheriff's exercise of his statutory powers to preserve the peace and make arrests). Plaintiff therefore cannot state a claim against Maricopa County based on respondeat superior for the torts allegedly committed by the employees of the Sheriff's Office.

Accordingly,

**IT IS ORDERED GRANTING** Defendants' Motion to Dismiss (Docs. 4&5) with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall file his Amended Complaint within fourteen days of this Order. If Plaintiff fails to file an Amended Complaint within that time, the Clerk's office shall dismiss this case without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order and failure to prosecute.

DATED this 9th day of May, 2012.

James A. Teilborg
United States District Judge